**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**CHARLES J. HAGGARD (#718610)**   **CIVIL ACTION NO.**

**VERSUS**   **22-575-SDD-EWD**

**JOHN DOE #1, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 6, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**CHARLES J. HAGGARD (#718610)**         **CIVIL ACTION NO.**

**VERSUS**                                **22-575-SDD-EWD**

**JOHN DOE #1, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Plaintiff Charles J. Haggard ("Haggard"), who is representing himself and who confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana. Pursuant to the screening process required under 28 U.S.C. § 1915A, and the authority given the Court under 28 U.S.C. § 1915(e), it is recommended that all claims be dismissed with prejudice as the claims are untimely on the face of the Complaint.

### I. BACKGROUND

Haggard filed this suit on or about August 17, 2022 against four John Doe Defendants alleging violations of his constitutional rights.[1] He seeks declaratory and monetary relief.[2]

### II. LAW & ANALYSIS

#### A. Standard of Review

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[3] The statutes are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Any claim that does not pass screening

---

[1] R. Doc. 1. Although the Complaint was not filed in this Court until August 19, 2022, because his Complaint is dated August 17, 2022, the earlier date will be used as the filing date.
[2] R. Doc. 1, p. 25.
[3] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). 28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Haggard was granted IFP status on August 26, 2022, so both statutes apply. R. Doc. 3.

may be dismissed by the Court before service or before any defendant has answered. Because all defendants in this case are alleged to be prison employees, Haggard's claims are subject to the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and/or 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[4] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] For a complaint to survive dismissal, it must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.[8]

Prescribed claims are properly dismissed under § 1915 as frivolous.[9] Although the fact that a case is untimely filed is an affirmative defense that must usually be raised by a defendant, the court may raise the defense on its own motion under 28 U.S.C. § 1915.[10]

### B. Haggard's Claims are Prescribed

"There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983," so the federal courts borrow the limitations period of the forum state.[11] Civil rights suits brought

---

[4] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[5] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[7] *Id.*
[8] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).
[9] *See Pittman v. Conerly*, 405 Fed.Appx. 916, 918 (5th Cir. 2010), citing *Gonzales v. Wyatt*, 157 F.3d 1016, 1019–20 (5th Cir.1998).
[10] *Id.*, citing *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993)
[11] *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). *See also, Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) ("Federal courts borrow state statutes of limitations to govern claims brought under section 1983."); *White v.*

2

under § 1983 are subject to the Louisiana limitations period of one year that applies to tort claims.[12] State law also controls whether events occur that toll (*i.e.*, pause or delay) the limitations period unless the state provisions regarding tolling are inconsistent with federal law.[13] Though the Louisiana prescriptive period of one year applies to Haggard's claims, federal law governs when his claims accrued, *i.e.*, when the limitations period starts.[14] Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions.[15] "A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim."[16]

Haggard alleges he was assaulted by his cell mate between January 4 and January 11, 2021.[17] On January 11, 2021, Haggard called his sister (who had been out-of-town from January 4 to January 11, 2021)[18] and told her about the abuse. While he was on the phone with his sister, she apparently made calls to LSP and Haggard was removed from the cell block.[19] Haggard filed this suit on August 17, 2022, over eighteen months later.[20]

Because Haggard was required to exhaust administrative remedies by filing a grievance through the administrative remedy process (an "ARP") before filing suit, the Court must consider the time period Haggard had an ARP properly pending. The limitations period is suspended while an ARP is pending because the requirement that an inmate exhaust administrative remedies before

---

*Gusman*, 347 Fed.Appx. 66, 67 (5th Cir. 2009) (unpublished) ("The prescriptive period for a claim brought under § 1983 is provided by the law of the state in which the claim arose.").
[12] La. C.C. art. 3492; *Clifford v. Gibbs*, 298F.3d 328, 332 (5th Cir. 2002); *Crane v. Childers*, 655 Fed.Appx. 203, 204 (5th Cir. 2016) (§ 1983 claims are subject to the one-year prescriptive period for tort claims).
[13] *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484 (1980).
[14] *Harris*, 198 F.3d at 157.
[15] *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citations omitted).
[16] *Id.*, citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).
[17] *See* R. Doc. 1, pp. 11-18.
[18] R. Doc. 1, p. 13.
[19] R. Doc. 1, p. 15.
[20] R. Doc. 1, p. 25.

3

filing creates a statutory impediment to filing suit.[21]  The limitations period begins to run again when the final agency decision is delivered.[22]

It appears that the relevant ARP was filed on an unknown date in February 2021.[23]  Giving Haggard the benefit of the doubt and presuming the ARP was filed on the earliest date of February 1, 2021, twenty days passed that counted toward the limitations period.[24]  The ARP was denied at both steps, with the second-step denial issued on August 17, 2021, but it is unclear when Haggard received the response—the relevant date for the limitations period to restart.[25]  Even if the Court assumes it took two weeks for Haggard to receive the second step response after it was issued, and prescription began running again on September 1, 2021, Haggard's claims are still prescribed.  Even using these dates that are most beneficial to Haggard, 369 days passed[26] that counted toward the limitations period before Haggard filed his Complaint, making it untimely.[27]

---

[21] La. Civ. Code art. 3467; *Kron v. LeBlanc*, No. 11-2263, 2013 WL 823550, *2 (E.D. La. March 6, 2013).
[22] La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] … grievance and shall continue to be suspended until the final agency decision is delivered.").
[23] It appears the ARP was filed in February 2021. R. Doc. 1, p. 18 ("Plaintiff filed his A.R.P. on the incident with what information he did have, February.").
[24] This also gives Haggard the benefit of presuming, without deciding, that the cause of action did not accrue until January 11, 2021, since this is the day he was removed from the alleged harm created by his cell mate, *i.e.*, the last day he could have sustained the injuries about which he complains.
[25] R. Doc. 1, p. 4.
[26] January 12, 2021 to February 1, 2021 (20 days) + September 2, 2021 to August 16, 2022 (349 days) = 369 days.  When calculating time, the date that triggers the time period is not counted. Fed. R. Civ. Proc. 6(a)(1)(A).  The Court's calculation also excludes the last day of the time period.  In other words, *e.g*, because Haggard filed an ARP on, at the earliest, February 1, 2021, that date is not included when counting the number of days.  **If Haggard did not receive the second-step response until *after* September 5, 2021, he should notify the Court in his objection, and attach a copy of the second-step response.**  However, even if Haggard did not receive the response until some later date, his claims may still be subject to dismissal because he has only named "John Doe" defendants, such that an amendment to name the correct defendants may not relate back to the filing of the original Complaint.  *See Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998) (an amendment to substitute a named party for a "John Doe" does not relate back to the date of original filing because "for a 'John Doe' defendant, there was no 'mistake' in identifying the correct defendant; rather, the problem was not being able to identify that defendant.").  Further, equitable tolling may not be warranted.  *Nazerzadeh v. Harris County*, No. 08-499, 2010 WL 3817149, at *35-36 (S.D. Tex. Sept. 27, 2010) (claims against previously named John Doe defendants did not relate back and because the plaintiff filed suit so late that he could not conduct discovery before the limitations period had run, equitable tolling was not warranted).
[27] It appears Haggard may have delayed filing his Complaint while he was looking for an attorney who would take his case. R. Doc. 1, pp. 33-34.

## RECOMMENDATION

**IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim, as the claims of Plaintiff Charles Haggard are untimely on the face of the Complaint.[28]

Signed in Baton Rouge, Louisiana, on March 6, 2023.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[28] Haggard is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will count as a strike.

5