# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

CHARLES J. HAGGARD (#718610)

VERSUS

JOHN DOE #1, ET AL.

CIVIL ACTION

22-575-SDD-EWD

## RULING

The Court has carefully considered the record, the law applicable to this action, and the *Report and Recommendation*[1] of United States Magistrate Erin Wilder-Doomes dated March 6, 2023, to which an *Objection*[2] and *Supplement to* Objection[3] were filed. After considering the *Objection* and conducting a *de novo* review, the Court declines to generally adopt the *Report and Recommendation* of the Magistrate Judge for the reasons herein.

The basis for dismissal of Plaintiff's case in the *Report and Recommendation* is primarily a finding that Plaintiff's claims are prescribed on the face of the *Complaint*. However, the Magistrate Judge noted that, even if the case was not prescribed, Plaintiff's claims remain subject to dismissal on other grounds:

> However, even if Haggard did not receive the response until some later date, his claims may still be subject to dismissal because he has only named "John Doe" defendants, such that an amendment to name the correct defendants may not relate back to the filing of the original Complaint. *See Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998) (an amendment to substitute a named party for a "John Doe" does not relate back to the date of original filing because "for a 'John Doe' defendant, there was no 'mistake' in identifying the correct defendant; rather, the problem was not being able to identify that defendant."). Further, equitable tolling may not be warranted. *Nazerzadeh v. Harris County*, No. 08-499, 2010 WL 3817149, at *35-36 (S.D. Tex. Sept. 27, 2010) (claims against previously

---

[1] Rec. Doc. 4.
[2] Rec. Doc. 5.
[3] Rec. Doc. 6.

named John Doe defendants did not relate back and because the plaintiff filed suit so late that he could not conduct discovery before the limitations period had run, equitable tolling was not warranted).[4]

The Court independently reviewed Plaintiff's *Objection* and *Supplement* and finds that Plaintiff's case is not prescribed. Nevertheless, based on the alternative grounds for dismissal as identified by the Magistrate Judge, the Court finds that Plaintiff's case remains subject to dismissal.

**ACCORDINGLY**, this action is DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim.

Signed in Baton Rouge, Louisiana, on this  19  day of October, 2023.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[4] Rec. Doc. 4, p. 5, n. 26.